**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LARRY L. REBARCHEK,

Plaintiff-Appellant,

v.

FARMERS COOPERATIVE
ELEVATOR AND MERCANTILE
ASSOCIATION, a Kansas
corporation,

Defendant-Appellee.

No. 99-3111
(D.C. No. 97-CV-1282)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's grant of summary judgment to defendant on plaintiff's claim that he was discharged from his employment because of his back condition, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and in violation of the Kansas Act Against Discrimination (KAAD), Kan. Stat. Ann. §§ 44-1001 through 44-1013.  "We review de novo the district court's grant of summary judgment, applying the same standard as did the district court."  *MacDonald v. Delta Air Lines, Inc.*, 94 F.3d 1437, 1440 (10th Cir. 1996).  Summary judgment is proper if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case to survive summary judgment.

*Sorensen v. University of Utah Hosp.*, 194 F.3d 1084, 1086 (10th Cir. 1999) (alteration in original) (quotations omitted).

The ADA prohibits employers from discriminating against qualified individuals on the basis of their disabilities.  *See* 42 U.S.C. § 12112(a).

> [T]o qualify for relief under the ADA, a plaintiff must establish (1) that he is a disabled person within the meaning of the ADA;

-2-

(2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability.

*White v. York Int'l Corp.*, 45 F.3d 357, 360-61 (10th Cir. 1995). The district court concluded that plaintiff failed to establish that he was disabled within the meaning of the ADA. The court further concluded that because plaintiff's claim under the KAAD was virtually identical to his ADA claim, and because the two statutory schemes are analyzed in the same manner, plaintiff's KAAD claim also failed. Plaintiff concedes on appeal that his KAAD claim must fail if his ADA claim fails, but he argues that the district court erred in concluding that he did not establish that he is disabled within the meaning of the ADA.

The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Although the ADA does not define the term "substantially limits," the regulations implementing the ADA define the term as follows:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1). "When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Sutton v. United Air Lines, Inc.*, 119 S. Ct. 2139, 2151 (1999). Likewise, the regulations provide that when the major life activity at issue is that of working,

> [t]he term *substantially limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i).

Plaintiff contends that he is disabled because he has an impairment that substantially limits one or more major life activities, he has a record of such an impairment, and he was regarded by his employer as having such an impairment. "[T]o state a claim under the ADA, a plaintiff must articulate with precision the impairment alleged and the major life activity affected by that impairment." *Poindexter v. Atchison, Topeka & Santa Fe Ry.*, 168 F.3d 1228, 1232 (10th Cir. 1999). In assessing a plaintiff's ADA claim, a court should "analyze only the major life activity asserted by the plaintiff." *Id.* at 1231. In the district court, plaintiff alleged that his impairment was a back condition and that it substantially limited his abilities to walk, sit, stand, lift, and work. *See* Appellant's App. at 107.

The evidence showed that plaintiff injured his back in 1994 and underwent back surgery on March 24, 1995. Plaintiff was off work from the date of the surgery until April 17, 1995, when his doctor released him to work with the following restrictions: no lifting of more than forty pounds, no bending or twisting of the back more than halfway, no climbing ladders, and no sitting, standing, or walking more than two hours at a time. Plaintiff's doctor stated that he hoped these restrictions would be only temporary. The restrictions were still in place when plaintiff was discharged from his employment one week later, on April 24, 1995.

The district court concluded both that plaintiff's back condition was a physical impairment and that it restricted some of plaintiff's activities. The court further concluded, however, that plaintiff produced no evidence to establish that his impairment substantially limited any major life activity. Specifically, the court found that plaintiff presented no evidence showing that the restrictions on his lifting, walking, sitting, and standing abilities were significant when compared to the average person's abilities. The court also found that plaintiff presented no evidence showing that his ability to work was significantly limited, i.e., he presented no evidence showing he was restricted in his ability to perform either a class of jobs or a broad range of jobs within a class. In addition, the district court determined that there was no evidence the restrictions placed on plaintiff

following his back surgery were expected to be of significant duration. *See, e.g.*, 29 C.F.R. § 1630.2(j)(2) (providing that the duration or expected duration of the impairment and its impact are among the factors to consider in determining whether an impairment substantially limits a major life activity). Therefore, the court concluded that plaintiff had not produced enough evidence to withstand summary judgment on the issue of whether he actually had an impairment that substantially limited one or more major life activities. The court also concluded that plaintiff made no showing either that he had a record of an impairment that substantially limited a major life activity, or that his employer regarded him as having such an impairment.

We have carefully reviewed the parties' briefs, the record on appeal, and the pertinent law, and we find no reversible error in the district court's ruling. Therefore, we AFFIRM the judgment of the district court for substantially the reasons set forth in its Memorandum and Order of March 8, 1999.

Entered for the Court

Bobby R. Baldock
Circuit Judge